# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 01/26/2023 06:29:19 PM.
30-2023-01304388-CU-WT-NJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By K. Trent, Deputy Clerk.

VELARDE & VELARDE
MICHAEL E. VELARDE, ESQ., SBN 266272
MVELARDE@MICHAELVELARDELAW.COM
19200 Von Karman Ave., Suite 400
Irvine, CA 92612
T: (949) 492-4241
F: (949) 606-7168

Attorney for Plaintiff

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF ORANGE

**Assigned for All Purposes**

KATIE NGUYEN,

    Plaintiff,

vs.

OPTUM SERVICES, INC., a Delaware Corporation, and DOES 1-25, inclusive,

    Defendants.

Case No.:  Judge Nathan Vu
            30-2023-01304388-CU-WT-NJC

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**

(1) DISCRIMINATION BASED ON DISABILITY;
(2) FAILURE TO ACCOMMODATE A DISABILITY;
(3) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS;
(4) RETALIATION UNDER THE FEHA;
(5) FAILURE TO PREVENT DISCRIMINATION/RETALIATION;
(6) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; and
(7) RETALIATION IN VIOLATION OF CAL. LAB. CODE § 1102.5

[Unlimited Jurisdiction, amount in controversy exceeds $25,000]

**DEMAND FOR JURY TRIAL**

## I. THE PARTIES

1. Plaintiff KATIE NGUYEN ("Plaintiff" or "Ms. Nguyen") is, and at all times mentioned in this Complaint was, a resident of Orange County, California.

2. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant OPTUM SERVICES, INC. ("Defendant") is a Delaware Corporation who does business in Orange County, California.

3. Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1 to 25, inclusive, and therefore sues such Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiff. Plaintiff will amend this Complaint to set forth the true names and capacities of these Defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

4. Defendants both directly and indirectly employed Plaintiff, as defined under the Fair Employment and Housing Act ("FEHA") at Government Code § 12926(d).

5. In addition, Defendants compelled, coerced, aided, and abetted the discrimination, which is prohibited under California law, including the FEHA.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution.

7. Venue is proper in this Court because a substantial portion of the events giving rise to this Complaint took place in this County, and Defendants do business in this County.

## III. FACTS

8. Katie Nguyen ("Plaintiff") was employed by Defendant OPTUM SERVICES, INC. (under United Health Group) ("Defendant") as a pharmacist first in 2012 through a placement agency, and then beginning in 2013 as a direct employee.

9. Plaintiff suffers from disabling health conditions, including gastroesophageal reflux disease (GERD) (as well as other nerve, digestive, headache, arm pain, and anxiety related conditions).

Plaintiff's disabling GERD condition caused her to suffer from flare up symptoms including persistent cough and throat pain.

10. Because of this Plaintiff required workplace accommodations including a transfer of duties away from telephone duties, which Plaintiff was not able to perform when suffering from these GERD symptoms. Indeed, in December of 2019 her doctor prescribed that she be put off of phone work for this reason. Plaintiff therefore made an accommodation request to her supervisor Mr. Tran on or about December 10, 2019, to be put off of phone work, and advised him of her doctor note.

11. Mr. Tran suggested that her request should go through Sedgwick, but they then discussed that Mr. Tran could handle the accommodation request based on her request as made to him directly. Mr. Tran said that he liked the way Plaintiff worked, and that he would take care of it. However, nothing changed, and no modification was made to Plaintiff's schedule or duties. (Mr. Tran also failed to address a request made by Plaintiff for time off to care for her sick mother with serious ongoing health conditions).

12. Plaintiff had to raise the issue of her throat pain again on December 16, and received mixed messages in response, and Mr. Tran still did not follow up regarding Plaintiff's work duties and schedule and accommodation request of reduced phone duties. Then, in or about December 16 – 20, Plaintiff sent two emails requesting the accommodations, but her requests were either ignored or denied.

13. Plaintiff was off work from December 22 – December 29, 2019. After she returned, on or about January 2, 2020, Plaintiff complained to Mr. Tran about the denial of her accommodation requests and the failure to accommodate her medical needs, and stated that she was not being treated fairly, and that past supervisors had accommodated her, and other employees were accommodated as well.

14. Plaintiff asked if work force was aware of her accommodation requests, and asked if Mr. Tran was deciding on his own not to accommodate her. Mr. Tran did not respond, and was quiet. Plaintiff then asked him, is everything alright? He responded by stating, "No".

15. Then, on or about January 12, 2020 Mr. Tran held a meeting with Plaintiff and asked her about a call that she had transferred. Plaintiff explained that she did not hear a response from the caller, she believes for technical reasons, so she transferred the call. Then, despite the fact that Plaintiff had

good performance reviews and had received numerous workplace awards, Defendant used this call as a pretext to terminate her employment on January 22, 2020 for alleged "violation of policy" and "work avoidance". In fact, Plaintiff was terminated in an act of disability discrimination, failure to accommodate, and retaliation, for needing and seeking accommodation, and for opposing Defendant's refusal to accommodate her disability.

16. Defendants had a legal duty to investigate and prevent the unlawful discrimination and retaliation in the workplace put forth above.

17. Defendants failed to investigate and prevent unlawful discrimination and retaliation in the workplace and instead actively participated in and perpetrated the discrimination and retaliation.

18. Plaintiff suffered a loss of income and other intangible loss of other employment related opportunities because of Defendants' unlawful conduct in an amount subject to proof. Defendants' unlawful conduct was a substantial factor in causing Plaintiff's damages.

19. Plaintiff suffered severe mental and emotional distress, anxiety, humiliation, mental anguish, and loss of enjoyment of life because of Defendants' unlawful conduct, resulting in her general damage in an amount subject to proof at trial. Defendants' unlawful conduct was a substantial factor in causing Plaintiff's damages.

20. Plaintiff has incurred and will incur attorney fees and costs in the bringing of this action in an amount subject to proof. Plaintiff is entitled to recover her attorney fees and costs, including pursuant to California Government Code § 12965(b) and the Cal. Lab. Code.

21. Plaintiff has filed a complaint regarding Defendants' conduct with the State of California Department of Fair Employment and Housing (via the EEOC dual filing system), and has received a written right to sue notice from said agency over said conduct. Moreover, Plaintiff has filed this lawsuit within one year of the date of receipt of her right to sue notice.

///
///
///
///
///

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### DISCRIMINATION BASED ON DISABILITY

### IN VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

**(By Plaintiff Against Defendant OPTUM SERVICES, INC.)**

22. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

23. This action is brought pursuant to the California Fair Employment and Housing Act (the "FEHA"), Government Code section 12900, *et seq.* and the corresponding regulations of the California Fair Employment and Housing Commission, which prohibit discrimination based on disability. Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements and received a right-to-sue letter.

24. At all times in this complaint, Defendant OPTUM SERVICES, INC. regularly employed at least five employees, bringing Defendants within the provisions of section 12940 *et seq.* of the Government Code prohibiting employers or their agents from discrimination based on disability.

25. Defendant OPTUM SERVICES, INC. is liable for the discrimination put forth above because its conduct was directly discriminatory against Plaintiff, in violation of the FEHA, in abrogation of Plaintiff's rights. Defendant OPTUM SERVICES, INC. allowed and fostered an environment where unlawful disability discrimination flourished, and perpetrated such discrimination.

26. Plaintiff was injured and damaged as alleged above as a direct and legal result of the Defendant OPTUM SERVICES, INC.'s unlawful acts, practices, and omissions in an amount subject to proof at trial. As a direct and proximate result of Defendant OPTUM SERVICES, INC.'s willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has sustained and continues to sustain special and general damages. Plaintiff has suffered and continues to suffer monetary damages, loss of income and job opportunity, humiliation, mental pain and anguish, lowered self-esteem, sleeplessness, and emotional distress, all to her damage in an amount subject to proof at trial. Plaintiff claims such amount as damages together with pre-judgment interest thereon pursuant to California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for prejudgment interest.

27. Defendant OPTUM SERVICES, INC., by engaging in the aforementioned unlawful acts, practices and omissions alleged herein, engaged in intentional, reckless, willful, oppressive, fraudulent, and malicious conduct, acted with willful and conscious disregard of Plaintiff's rights, rights under FEHA, welfare, and safety, and in violation of the public policy of California, and caused great mental and emotional harm to Plaintiff, and such conduct towards Plaintiff occurred as a result of her disability. Therefore, an award of punitive and exemplary damages, sufficient to punish Defendants and to serve as an example to deter Defendants from similar conduct in the future, should be made, (California Civil Code § 3294). Plaintiff claims such amount as damages to be determined at trial.

28. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees in sums according to proof, which she is entitled to recover and which she seeks under this cause of action. Defendant's acts further entitle Plaintiff to a permanent injunction enjoining Defendant from failing to provide a workplace free from discrimination based on disability.

## SECOND CAUSE OF ACTION

**Failure to Accommodate a Disability in Violation of
Fair Employment and Housing Act**

**(By Plaintiff Against Defendant OPTUM SERVICES, INC.)**

29. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

30. This action is brought pursuant to the California Fair Employment and Housing Act, Government Code section 12900, *et seq.* and the corresponding regulations of the California Fair Employment and Housing Commission. Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements and received a right-to-sue letter.

31. At all times in this complaint, Defendant OPTUM SERVICES, INC. regularly employed at least five employees, bringing Defendant within the provisions of section 12940 et seq. of the Government Code prohibiting employers or their agents from failing to accommodate a disability. Defendant OPTUM SERVICES, INC. failed to accommodate Plaintiff's disability in the manner put forth above.

32. Plaintiff was injured and damaged as alleged above as a direct and legal result of the Defendant OPTUM SERVICES, INC.'s unlawful acts, practices, and omissions in an amount subject to proof at trial. As a direct and proximate result of Defendant OPTUM SERVICES, INC.'s willful, knowing, and intentional conduct against Plaintiff, Plaintiff has sustained and continues to sustain special and general damages. Plaintiff has suffered and continues to suffer monetary damages, loss of income and job opportunity, humiliation, mental pain and anguish, lowered self-esteem, sleeplessness, and emotional distress, all to her damage in an amount subject to proof at trial. Plaintiff claims such amount as damages together with pre-judgment interest thereon pursuant to California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for prejudgment interest.

33. Defendant OPTUM SERVICES, INC., by engaging in the aforementioned unlawful acts, practices and omissions alleged herein, engaged in intentional, reckless, willful, oppressive, fraudulent, and malicious conduct, acted with willful and conscious disregard of Plaintiff's rights, rights under FEHA, welfare, and safety, and in violation of the public policy of California, and caused great mental and emotional harm to Plaintiff, and such conduct towards Plaintiff occurred as a result of her disability. Therefore, an award of punitive and exemplary damages, sufficient to punish Defendants and to serve as an example to deter Defendants from similar conduct in the future, should be made, (California Civil Code § 3294). Plaintiff claims such amount as damages to be determined at trial.

34. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees in sums according to proof, which she is entitled to recover and which she seeks under this cause of action. Defendant's acts further entitle Plaintiff to a permanent injunction enjoining Defendant from failing to provide a workplace free from failure to accommodate a disability.

### THIRD CAUSE OF ACTION

**Failure to Engage in Good Faith Interactive Process in Violation of Fair Employment and Housing Act**

**(By Plaintiff Against Defendant OPTUM SERVICES, INC.)**

35. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

36. This action is brought pursuant to the California Fair Employment and Housing Act, Government Code section 12900, *et seq.* and the corresponding regulations of the California Fair Employment and Housing Commission, which prohibit discrimination. Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements and received a right-to-sue letter.

37. At all times in this complaint, Defendant OPTUM SERVICES, INC. regularly employed at least five employees, bringing Defendant within the provisions of section 12940 et seq. of the Government Code prohibiting employers or their agents from failing to engage in the interactive process. Defendant failed to engage in a good faith, interactive process with Plaintiff in the manner put forth above, in violation of California Fair Employment and Housing Act.

38. Plaintiff was injured and damaged as alleged above as a direct and legal result of the Defendant OPTUM SERVICES, INC.'s unlawful acts, practices, and omissions in an amount subject to proof at trial. As a direct and proximate result of Defendant OPTUM SERVICES, INC.'s willful, knowing, and intentional conduct against Plaintiff, Plaintiff has sustained and continues to sustain special and general damages. Plaintiff has suffered and continues to suffer monetary damages, loss of income and job opportunity, humiliation, mental pain and anguish, lowered self-esteem, sleeplessness, and emotional distress, all to her damage in an amount subject to proof at trial. Plaintiff claims such amount as damages together with pre-judgment interest thereon pursuant to California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for prejudgment interest.

39. Defendant OPTUM SERVICES, INC., by engaging in the aforementioned unlawful acts, practices and omissions alleged herein, engaged in intentional, reckless, willful, oppressive, fraudulent, and malicious conduct, acted with willful and conscious disregard of Plaintiff's rights, rights under FEHA, welfare, and safety, and in violation of the public policy of California, and caused great mental and emotional harm to Plaintiff, and such conduct towards Plaintiff occurred as a result of her disability. Therefore, an award of punitive and exemplary damages, sufficient to punish Defendants and to serve as an example to deter Defendants from similar conduct in the future, should be made, (California Civil Code § 3294). Plaintiff claims such amount as damages to be determined at trial.

40. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees in sums according to proof, which she is entitled to recover and which she seeks under this cause of action. Defendant's acts further entitle Plaintiff to a permanent injunction enjoining Defendant from failing to engage in the interactive process.

## FOURTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF CALIFORNIA

## FAIR EMPLOYMENT AND HOUSING ACT

**(By Plaintiff Against Defendant OPTUM SERVICES, INC.)**

41. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

42. This action is brought pursuant to the California Fair Employment and Housing Act, Government Code section 12900, *et seq.* (the "FEHA") and the corresponding regulations of the California Fair Employment and Housing Commission/California Department of Fair Employment and Housing, which prohibit an employer from retaliating against an employee who requests disability accommodation or opposes conduct that is in violation of the FEHA. Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements and received a right-to-sue letter.

43. At all times in this complaint, Defendant regularly employed at least five employees, bringing Defendant within the provisions of section 12940 *et seq.* of the Government Code prohibiting employers or their agents from retaliating against an employee who requests disability accommodation or opposes conduct that is in violation of the FEHA.

44. Defendant retaliated against Plaintiff in the manner put forth above, including by terminating her employment. Defendant's termination of Plaintiff was motivated by Plaintiff's request for disability accommodation and her opposing conduct that was in violation of the FEHA.

45. Plaintiff was injured and damaged as alleged above as a direct and legal result of Defendant's unlawful acts, practices, and omissions in an amount subject to proof at trial. As a direct and proximate result of Defendant's willful, knowing, and intentional conduct, Plaintiff has sustained and continues to sustain special and general damages, including substantial loss of income, loss of

earning capacity, loss of job opportunity and other losses and employment benefits. Plaintiff has suffered and continues to suffer monetary damages, humiliation, mental pain and anguish, lowered self-esteem, sleeplessness, and emotional distress, all to her damage in an amount subject to proof at trial. Plaintiff claims such amount as damages together with pre-judgment interest thereon pursuant to California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for prejudgment interest.

46. Defendant's conduct was done intentionally, in a malicious, fraudulent, and oppressive manner, as defined in California Civil Code Section 3294, and in reckless disregard of Plaintiff's rights, rights under FEHA, welfare, and safety, and in violation of the public policy of California, entitling Plaintiff to punitive damages in an amount sufficient to punish Defendant and to serve as an example to deter Defendant from similar conduct in the future. Defendant allowed and fostered an environment where unlawful discrimination and retaliation flourished, and sought to interfere with Plaintiff's livelihood in the manner put forth above, for the purpose of discriminating against and retaliating against Plaintiff.

47. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees in sums according to proof, which she is entitled to recover and which she seeks under this cause of action.

48. Defendant's acts further entitle Plaintiff to a permanent injunction enjoining Defendant from failing to provide a workplace free from retaliation.

## FIFTH CAUSE OF ACTION

**FAILURE TO PREVENT DISCRIMINATION/RETALIATION**

**(By Plaintiff Against Defendant OPTUM SERVICES, INC.)**

49. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

50. This action is brought pursuant to the California Fair Employment and Housing Act (including section 12940(k) of the Government Code), and the corresponding regulations of the California Fair Employment and Housing Commission, which prohibit an employer from failing to take all reasonable steps necessary to prevent discrimination and retaliation, including with regard to disability.

51. Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements and received a right-to-sue letter.

52. At all times in this complaint, Defendant OPTUM SERVICES, INC. regularly employed at least five employees, bringing Defendant within the provisions of the FEHA prohibiting employers or their agents from failing to take all reasonable steps necessary to prevent discrimination and retaliation.

53. Defendant failed to take all reasonable steps necessary to prevent discrimination and retaliation, including in that Defendant failed to comply with Department of Fair Employment and Housing laws and regulations, failed to offer discrimination/retaliation training, failed to maintain or execute an effective complaint procedure, failed to adequately educate employees about discrimination/retaliation, and failed to properly respond to complaints.

54. Defendant disregarded its legal obligation to prevent discrimination/retaliation, and in fact intentionally perpetrated it. As a result of Defendant's conduct, Plaintiff suffered discrimination/retaliation in the workplace.

55. Plaintiff was injured and damaged as alleged above as a direct and legal result of the Defendant OPTUM SERVICES, INC.'s unlawful acts, practices, and omissions in an amount subject to proof at trial. As a direct and proximate result of Defendant OPTUM SERVICES, INC.'s willful, knowing, and intentional conduct against Plaintiff, Plaintiff has sustained and continues to sustain special and general damages. Plaintiff has suffered and continues to suffer monetary damages, loss of income and job opportunity, humiliation, mental pain and anguish, lowered self-esteem, sleeplessness, and emotional distress, all to her damage in an amount subject to proof at trial. Plaintiff claims such amount as damages together with pre-judgment interest thereon pursuant to California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for prejudgment interest.

56. Defendant OPTUM SERVICES, INC., by engaging in the aforementioned unlawful acts, practices and omissions alleged herein, engaged in intentional, reckless, willful, oppressive, fraudulent, and malicious conduct, acted with willful and conscious disregard of Plaintiff's rights, rights under FEHA, welfare, and safety, and in violation of the public policy of California, and caused great mental and emotional harm to Plaintiff, and such conduct towards Plaintiff occurred as a result of her disability.

1  Therefore, an award of punitive and exemplary damages, sufficient to punish Defendants and to serve
2  as an example to deter Defendants from similar conduct in the future, should be made, (California Civil
3  Code § 3294). Plaintiff claims such amount as damages to be determined at trial.

4  57.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees in sums
5  according to proof, which she is entitled to recover and which she seeks under this cause of action.
6  Defendant's acts further entitle Plaintiff to a permanent injunction enjoining Defendant from failing to
7  prevent discrimination/retaliation.

## SIXTH CAUSE OF ACTION

## WRONGFUL TERMINATION OF EMPLOYMENT IN

## VIOLATION OF PUBLIC POLICY

### (By Plaintiff Against Defendant OPTUM SERVICES, INC.)

12  58.  Plaintiff incorporates by this reference the allegations contained in the preceding
13  paragraphs above as if fully set forth herein.

14  59.  Jurisdiction is invoked pursuant to the public policy of the State of California.

15  60.  Under California law, there is a fundamental and well-established public policy against
16  discriminating or retaliating against and terminating an employee's employment based on disability,
17  seeking accommodation thereof, or opposing unlawful conduct, including conduct that violates the
18  FEHA. Said public policy is embodied in the statutory law of the State of California, including the Fair
19  Employment and Housing Act and California Labor Code Section 1102.5.

20  61.  As put forth above, Defendants' termination of Plaintiff's employment was substantially
21  motivated by Plaintiff's disability, seeking accommodation thereof, and opposing unlawful conduct,
22  including conduct that violates the FEHA. As such, Defendants' termination of Plaintiff's employment
23  was in violation of fundamental public policies of the State of California for the benefit of the public.

24  62.  Plaintiff was injured and damaged as alleged above as a direct and legal result of the
25  Defendants' unlawful acts, practices, and omissions in an amount subject to proof at trial. As a direct
26  and proximate result of Defendants' willful, knowing, and intentional conduct, Plaintiff has sustained
27  and continues to sustain special and general damages, including substantial loss of income, loss of
28  earning capacity, loss of job opportunity and other losses and employment benefits. Plaintiff has

suffered and continues to suffer monetary damages, humiliation, mental pain and anguish, lowered self-esteem, sleeplessness, and emotional distress, all to her damage in an amount subject to proof at trial. Plaintiff claims such amount as damages together with pre-judgment interest thereon pursuant to California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for prejudgment interest.

63. Defendants' conduct was done intentionally, in a malicious, fraudulent, and oppressive manner, as defined in California Civil Code Section 3294, and in reckless disregard of Plaintiff's rights, welfare, and safety, and in violation of the public policy of California, entitling Plaintiff to punitive damages in an amount sufficient to punish Defendants and to serve as an example to deter Defendants from similar conduct in the future. Defendants sought to interfere with Plaintiff's livelihood in the manner put forth above, and for the purpose of discriminating against and retaliating against Plaintiff, entitling Plaintiff to exemplary or punitive damages.

64. Defendants' acts further entitle Plaintiff to a permanent injunction enjoining Defendants from failing to provide a workplace free from wrongful termination.

65. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees in sums according to proof, which she is entitled to recover and which she seeks under this cause of action.

### SEVENTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF
### Cal. Lab. Code § 1102.5
### (By Plaintiff Against Defendant OPTUM SERVICES, INC.)

66. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

67. Defendant retaliated against Plaintiff as put forth above, including by terminating her employment.

68. This conduct was in violation of the California Labor Code, including section 1102.5.

69. As put forth above, Plaintiff made complaints regarding Defendant's unlawful conduct, including by opposing Defendant's unlawful conduct.

70. Defendant's retaliation against Plaintiff was done in retaliation for making those protected complaints, in violation of Lab. Code section 1102.5.

71. As a direct and proximate result of Defendant's willful, knowing, and intentional conduct, Plaintiff has sustained and continues to sustain special and general damages, including substantial loss of income, loss of earning capacity, loss of job opportunity and other losses and employment benefits.

72. As a proximate result of Defendant's willful, knowing, and intentional actions, Plaintiff suffered and continues to suffer humiliation, emotional distress, mental pain and anguish, lowered self-esteem, and sleeplessness, all to her damage in a sum according to proof.

73. Defendants' retaliation against Plaintiff was done intentionally, in a malicious, fraudulent, and oppressive manner, as defined in California Civil Code Section 3294, entitling Plaintiff to punitive damages. Defendants allowed and fostered an environment where unlawful retaliation flourished, and sought to interfere with Plaintiff's livelihood for the sole purpose of retaliating against Plaintiff.

74. Defendant's acts further entitle Plaintiff to a permanent injunction enjoining Defendant from failing to provide a workplace free from retaliation.

75. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees in sums according to proof, which she is entitled to recover and which she seeks under this cause of action.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1. For general and special damages according to proof, including damages for economic losses, lost pay (past and future), and other employment benefits according to proof, and including damages for pain, suffering, humiliation, and mental and emotional distress according to proof;

2. For exemplary/punitive damages according to proof;

3. For injunctive relief;

4. For pre-judgment and post-judgment interest on all damages awarded;

5. For reasonable attorneys' fees;

6. For costs of suit incurred, and all appropriate penalties; and

7. For any and all such other and further relief that this Court may deem just and proper.

Dated: January 26, 2023

VELARDE & VELARDE

By: _____
Michael Velarde
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated: January 26, 2023

VELARDE & VELARDE

By: _____
Michael Velarde
Attorney for Plaintiff